**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **GORDON TODD SKINNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 07-CV-0223-CVE-SAJ** |
| | ) | |
| **STANLEY GLANZ, Tulsa Sheriff;** | ) | |
| **JOHN DOES, Unknown Director of ODOC** | ) | |
| **and Unknown Warden of LARC;** | ) | |
| **TIM HARRIS, Tulsa D.A.;** | ) | |
| **GORDON McALLISTER, Tulsa County** | ) | |
| **Judge; BRAD HENRY, Governor,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

On April 18, 2007, Plaintiff, a prisoner appearing *pro se*, submitted for filing a complaint

pursuant to 42 U.S.C. § 1983 (Dkt. # 1).  Plaintiff also cites the "Federal Mandamus Statutes" as a

basis for the Court's jurisdiction.  By Order filed April 20, 2007 (Dkt. # 3), the Court granted

Plaintiff's motion to proceed *in forma pauperis* and directed payment of an initial partial filing fee.

On April 25, 2007, Plaintiff submitted the initial partial filing fee as directed by the Court.  Plaintiff

has since filed multiple motions to amend, to supplement, and for various miscellaneous relief. For

the reasons discussed below, the Court finds this action shall be dismissed for failure to state a claim

upon which relief may be granted.  The dismissal shall count as a prior occasion or "strike" pursuant

to 28 U.S.C. § 1915(g).  Plaintiff's pending motions shall be denied.

### *BACKGROUND FACTS*

At the time he filed his complaint, Plaintiff was in custody at David L. Moss Criminal Justice

Center ("DLMCJC"), the Tulsa County Jail facility.  In his complaint, Plaintiff alleges that he is in

imminent danger because his identity as an informant for the government has been made known to

gang members in ODOC custody. Plaintiff seeks an Order from this Court prohibiting his transfer to ODOC custody. See Dkt. # 1. However, on May 4, 2007, the Clerk of Court received a letter (Dkt. # 12) from Plaintiff. In his letter, Plaintiff states that he is "on a list to be transferred in week of May 7th, 2007" to the custody of the Oklahoma Department of Corrections ("ODOC"). The Court takes judicial notice[1] that Plaintiff has in fact been transferred from DLMCJC, located in Tulsa, Oklahoma, to the Lexington Assessment and Reception Center ("LARC"), located in Lexington, Oklahoma. In addition, on May 18, 2007, the Court received mailings sent by Plaintiff from LARC. See Dkt. ## 25-29.

In his complaint, Plaintiff names the following Defendants: Stanley Glanz, Sheriff of Tulsa County; Director of the ODOC; Tim Harris, Tulsa County District Attorney; Gordon McAllister, Tulsa County District Judge; Brad Henry, Governor; Warden of Lexington Assessment and Reception Center.[2]

## ANALYSIS

### A. Initial Screening

Notwithstanding any filing fee, or any portion thereof that may have been paid, it is the responsibility of the Court to dismiss a claim at any time if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). For § 1915 purposes, a claim is

---

[1]Information obtained from the ODOC website, www.doc.state.ok.us.

[2]Plaintiff has also provided copies of additional pages discussing numerous individuals and their involvement in his criminal convictions entered in Tulsa County District Court, Case No. CF-2003-4213, and the United States District Court for the District of Nevada, Case No. 03-CR-176-LRH (VPC). However, those individuals are not identified as defendants in the caption of the instant complaint nor does Plaintiff indicate that he seeks any relief against those individuals.

frivolous if it lacks an arguable basis in law or fact.  Phillips v. Carey, 638 F.2d 207, 208 (10th Cir. 1981); Hall v. Bellmon, 935 F.2d 1106, 1108 (10th Cir. 1991) (citing Neitzke v. Williams, 490 U.S. 319, 325 (1989)).  A claim is legally frivolous if it alleges an infringement of a legal interest that clearly does not exist.  Neitzke, 490 U.S. at 327.  Dismissal of a cause of action for failure to state a claim is proper if "it appears beyond doubt that the plaintiff can prove not set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Roman v. Cessna Aircraft Co., 55 F.3d 542, 543 (10th Cir. 1995).  In reviewing the sufficiency of a complaint, all well-pleaded factual allegations of the complaint must be accepted as true and construed in the light most favorable to the plaintiff.  Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990).  Although *pro se* pleadings are construed liberally and held to a less stringent standard than those drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972), *pro se* plaintiffs are not relieved of the burden of alleging sufficient facts on which a legal claim could be based. Hall, 935 F.2d at 1110.

## B.  Plaintiff's claims

### 1. *Any request for injunctive relief from Tulsa County Defendants is now moot*

Plaintiff emphasizes that he does not seek monetary damages and instead seeks only injunctive relief.  See Dkt. # 1 at p. 60 of 100.  To the extent Plaintiff seeks injunctive relief from Tulsa County officials, including Defendants Glanz, Harris, and McAllister, the mootness doctrine renders Plaintiff's request for an order to prevent his transfer to ODOC custody nonjusticiable. Davis v. Bruce, 215 F.R.D. 612, 616-17 (D. Kan. 2003).  The court lacks the power to issue the requested relief, because Plaintiff is no longer incarcerated at DLMCJC, located in Tulsa, Oklahoma. Accord Green v. Branson, 108 F.3d 1296, 1300 (10th Cir. 1997) (finding plaintiff's request for

3

prospective injunctive relief moot because he "is no longer a prisoner within the control of the ODC").  Further, courts have found that the possibility of transfer to a prison facility is so remote and speculative that it does not fall within the "capable of repetition, yet evading review" exception to the mootness doctrine. See e.g., Nasious v. Ray, 3 Fed.Appx. 745, 747 (10th Cir. 2001) (finding that transfer to a different correctional facility mooted plaintiff's claims for prospective injunctive relief when he alleged no facts indicating he may be returned to the original facility); McKinnon v. Talladega County, Ala., 745 F.2d 1360, 1363 (11th Cir. 1984) (finding that transfer to another prison moots a claim for declaratory and injunctive relief even if "there is no assurance that he will not be returned to the first jail") (cited in Green v. Branson, 108 F.3d at 1300); McAlpine v. Thompson, 187 F.3d 1213, 1218 (10th Cir. 1999) (inmate claims against prison officials for prospective injunctive relief are mooted by the inmate's transfer to another facility in the absence of a demonstration of the likelihood of retransfer (which may not be based on "mere speculation."")). Plaintiff's requests for an order directing Tulsa County officials to take action to prevent his transfer to ODOC custody and to alleviate conditions of confinement at DLMCJC shall be denied as moot.

*2. Claims against ODOC Director, LARC Warden, and Governor Henry fail to state a claim*

To the extent Plaintiff seeks mandamus relief against state officials, this Court is without jurisdiction to enter such relief.  See 28 U.S.C. § 1361 (providing that "district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff"); Amisub (PSL), Inc. v. Colorado Dep't of Soc. Servs., 879 F.2d 789, 790 (10th Cir. 1989) ("No relief against state officials or state agencies is afforded by § 1361."); Sockey v. Gray, 159 Fed. Appx. 821, 822 (10th Cir. 2005) (unpublished opinion) ("Federal courts are without jurisdiction to grant a writ of mandamus against

4

state and local officials.").   Thus, any claim for mandamus relief against ODOC officials or Governor Henry shall be dismissed.

Similarly, Plaintiff's request for injunctive relief under § 1983 fails to state a claim upon which relief may be granted.  As stated above, Plaintiff seeks an Order from this Court prohibiting his transfer to ODOC custody based on protections afforded by the Eighth Amendment.  In City of Los Angeles v. Lyons, 461 U.S. 95 (1983), the Supreme Court wrote that "those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." Id. at 101-102 (citing Flast v. Cohen, 392 U.S. 83, 94-101 (1968); Jenkins v. McKeithen, 395 U.S. 411, 421-425 (1969)). The Court emphasized that a plaintiff must demonstrate a "personal stake in the outcome" in order to "assure that concrete adverseness which sharpens the presentation of issues" necessary for the proper resolution of constitutional questions. Id. (citing Baker v. Carr, 369 U.S. 186, 204 (1962)). Furthermore, "[a]bstract injury is not enough. The plaintiff must show that he 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged official conduct and the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'" Id. (citing Golden v. Zwickler, 394 U.S. 103, 109-110 (1969); United Public Workers v. Mitchell, 330 U.S. 75, 89-91 (1947); Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941); Massachusetts v. Mellon, 262 U.S. 447, 488 (1923)). The Supreme Court also emphasized that the need for a proper balance between state and federal authority counsels restraint in the issuance of injunctions against state officers engaged in the administration of the states' criminal laws in the absence of irreparable injury which is both great and immediate. Id. at

112 (citing O'Shea v. Littleton, 414 U.S. 488, 499 (1974); Younger v. Harris, 401 U.S. 37, 46 (1971)).

In Farmer v. Brennan, 511 U.S. 825 (1994), the Supreme Court held that "[a] prison official's deliberate indifference to a substantial risk of serious harm to an inmate violated the Eighth Amendment." Id. at 828.  "[L]abeling an inmate a snitch satisfies the *Farmer* standard, and constitutes deliberate indifference to the safety of that inmate." Benefield v. McDowall, 241 F.3d 1267, 1271 (10th Cir. 2001) (citing Northington v. Marin 102 F.3d 1564, 1567 (10th Cir. 1996)). To be entitled to relief from a defendant sued in his individual capacity, a plaintiff must do more than allege generally that various prison officials violated his rights.  In order for liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established. See Trujillo v. Williams, 465 F.3d 1210 (10th Cir. 2006); Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993) (affirming district court's dismissal where "plaintiff failed to allege personal participation of the defendants"); Coleman v. Turpen, 697 F.2d 1341, 1346 n. 7 (10th Cir. 1982) (noting defendants cannot be liable under § 1983 unless personally involved in the deprivation).  Nothing in Plaintiff's complaint indicates that the ODOC Director, the Warden of LARC, or Governor Henry is aware of any potential harm that might befall Plaintiff, let alone that those Defendants have acted with a culpable state of mind or have been deliberately indifferent.  Nothing provided by Plaintiff leads the Court to conclude that Plaintiff has sustained or is in immediate danger of sustaining an injury as the result of challenged conduct by the ODOC Director, Warden of LARC, or Governor Henry.  Thus, to the extent Plaintiff seeks injunctive relief under § 1983 against ODOC officials or Governor Henry arising based on protection afforded by the Eighth Amendment, Plaintiff has failed to state a claim upon which relief may be granted.

*3. Plaintiff's pending motions*

Since the filing of the original complaint, Plaintiff has filed numerous motions to amend, to supplement, and for various miscellaneous relief. See Dkt. ## 7-11, 13-21, 23-25, and 29. The Court has reviewed the motions and finds that the majority of Plaintiff's requests reflect his dissatisfaction with conditions of confinement at DLMCJC. See, e.g., Dkt. ## 8, 9, 10, 11, 15, 16, 17, 18, 19, 20, 21, 23, 24.  As discussed in Part B(1) above, Plaintiff is no longer housed at the DLMCJC and any request for injunctive relief based on the conditions at that facility has been rendered moot.  The remaining motions filed by Plaintiff do not impact the conclusion that this action should be dismissed.  Therefore, each of Plaintiff's pending motions shall be denied.

**C.  "Prior occasion" under 28 U.S.C. § 1915(g)**

Plaintiff has been granted leave to proceed *in forma pauperis*.  In addition, his complaint fails to state a claim upon which relief may be granted. As a result, the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  This dismissal shall count as a "prior occasion" under 1915(g) after Plaintiff has exhausted or waived his right to appeal. See Jennings v. Natrona County Detention Center Medical Facility, 175 F.3d 775, 780 (10th Cir. 1999); 28 U.S.C. § 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.    Plaintiff's complaint (Dkt. # 1) is **dismissed** for failure to state a claim upon which relief

      may be granted.

2.    The Clerk is directed to **flag** this dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) as a "prior

      occasion" for purposes of 28 U.S.C. § 1915(g).

3.    Plaintiff's pending motions are **denied**.

4.    This is a final Order terminating this action.

      **DATED** this 24th day of May, 2007.

                                            _____
                                            CLAIRE V. EAGAN, CHIEF JUDGE
                                            UNITED STATES DISTRICT COURT